**Xue Hui ZHANG, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

**No. 07–5055–ag.**

United States Court of Appeals, Second Circuit.

Dec. 15, 2008.

Oleh R. Tustaniwsky, Hualian Law Offices, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Aviva L. Poczter, Senior Litigation Counsel, Christopher P. McGreal, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

Present DENNIS JACOBS, Chief Judge, PIERRE N. LEVAL and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Xue Hui Zhang, a native and citizen of the People's Republic of China, seeks review of the October 22, 2007 order of the BIA denying his motion to reopen. *In re Xue Hui Zhang*, No. A77 977 270 (B.I.A. Oct. 22, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

10

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006) (citing *INS v. Doherty,* 502 U.S. 314, 322–23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)). An alien seeking to reopen proceedings must file a motion to reopen within 90 days of the issuance of a final administrative order of removal. *See* 8 C.F.R. § 1003.2(c)(2). Zhang's July 2007 motion was untimely because the final order of removal issued in December 2003. More-over, as the BIA concluded, Zhang's involvement in the CDP constituted a change in his personal circumstances rather than a change in country conditions and therefore did not warrant an exception to the filing deadline for a motion to reopen. *See Yuen Jin v. Mukasey,* 538 F.3d 143, 156 (2d Cir.2008).

■ Zhang argues that the BIA erred in finding that he could not file a successive asylum application based on changed personal circumstances. However, we recently held that the BIA had reasonably interpreted the Immigration and National-ity Act ("INA") and its implementing regulations to require that "an alien under a final removal order must file a successive asylum application in conjunction with a motion to reopen and in accordance with th[e] procedural requirements [for filing such motions]." *See id.* (according *Chevron* deference to the BIA's interpretation of the INA announced in *Matter of C–W–L,* 24 I. & N. Dec. 346 (BIA 2007)). As Zhang is under a final order of removal and his motion to reopen was untimely, the BIA did not abuse its discretion in concluding that he was ineligible to file a successive asylum application based on his changed personal circumstances. *See id.*

■ In addition, the BIA reasonably found that Zhang failed to satisfy his bur-den of demonstrating a likelihood that he would be persecuted in China for his U.S.-based CDP activities. *See INS v. Abudu,* 485 U.S. 94, 104–11, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). As the BIA found: the articles and court opinions that Zhang submitted concerned individuals who engaged in political dissidence in China and therefore did not support the conclusion that returning citizens were punished for their pro-democracy activities in the United States; the two short articles that Zhang published on the internet were insufficient to prove that the Chinese government was aware of his CDP activities and had an interest in persecuting him, *cf. Hongsheng Leng v.Mukasey,* 528 F.3d 135, 143 (2d Cir.2008) (remanding for the limited purpose of allowing the IJ to consider whether Chinese authorities were aware or likely to become aware of the petitioner's CDP activities); some of the documents that Zhang submitted (to support his claim that he would be persecuted on account of his involvement in the CDP) were of doubtful authenticity, *see Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 148 (2d Cir.2007).

The BIA did not abuse its discretion in finding that Zhang failed to establish changed country conditions in China warranting an exception to the time limitation for motions to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(ii). Zhang argues that the background materials he submitted indicate that the Chinese government has intensified its efforts to suppress political dissidents, particularly those who disseminate their opinions through the internet. However, we cannot say that the BIA acted arbitrarily in concluding that the record reflects no material change in the Chinese government's handling of political dissidents or its policy on internet usage. *See* 8 C.F.R. § 1003.2(c)(3)(ii).

Finally, Zhang argues that the BIA erred by failing to give any consideration

to the merits of his CAT claim. However, the untimeliness of Zhang's motion was a valid basis in and of itself for denying it. 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2). The BIA therefore had no obligation to specifically address the merits of Zhang's CAT claim and did not abuse its discretion by declining to do so. *See Kaur*, 413 F.3d at 233.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).